UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VIKKI L. COLEMAN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. 2:16-cv-00954-KJD-NJK<br><br>**ORDER**<br><br>(IFP App - Dkt. #1) |

Plaintiff Vikki L. Coleman has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, (Docket No. 1), and submitted a Complaint (Docket No. 1-1).

**I.     Application to Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915(a), a person seeking to proceed *in forma pauperis* must submit an application indicating she is unable to prepay fees and costs or give security for them. The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a). In her application, Plaintiff indicates she is unemployed. Docket No. 1 at 1. She further states that she receives food stamps in the amount of $134.00 per month and assistance from Section 8 in the amount of $850.00 per month for rent and $150 per month utility assistance. *Id*. She has no money in cash or a bank account, and she does not own a vehicle, real property, or any item of value. *Id*. at 2. Based on the information in Plaintiff's application, the Court finds that it is unlikely that Plaintiff would be able to pay the $400 filing fee given

that she has virtually no income, savings or assets. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

## II. Screening the Complaint

Proceeding *in forma pauperis* is a privilege, not a right. *E.g., Williams v. Field*, 394 F.2d 329, 332 (9th Cir. 1968). When a party seeks permission to pursue a civil case *in forma pauperis*, courts will screen the complaint pursuant to federal statute. *See* 28 U.S.C. § 1915(e). In particular, the governing statute provides that courts shall dismiss a case at any time if it determines that, *inter alia*, it is frivolous or malicious, or fails to state a claim on which relief may be granted. *See id.* A central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In civil cases in which the plaintiff seeks to proceed *in forma pauperis*, courts require that the plaintiff comply with the robust authority that complaints must provide sufficient notice of the basis of the claims presented and state a claim for relief. *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)). Complaints are subject to the pleading standards set out in Rule 8. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Although Rule 8 does not require detailed factual allegations, the complaint must set forth the grounds of the plaintiff's entitlement to relief and may not rest on "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Moreover, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as

to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).[1]

A complaint in a social security appeal is not exempt from the Section 1915(e) screening of *in forma pauperis* cases generally. *Hoagland v. Astrue*, 2012 WL 2521753, *1 (E.D. Cal. June 28, 2012) (screening is required "even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits"); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("section 1915(e) applies to all in forma pauperis complaints"). Moreover, although a complaint in a social security appeal may differ in some ways from other civil cases, it is also "not exempt from the general rules of civil pleading." *Hoagland*, 2012 WL 2521753, at *2. With respect to social security appeals specifically, the undersigned and several other judges in this District have outlined some of the basic requirements for complaints to satisfy the Court's screening. First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See, e.g.*, *Soete v. Colvin*, 2013 WL 5947231, *2 (D. Nev. Nov. 4, 2013) (Koppe, J.); *Pitcher v. Astrue*, 2012 WL 3780354, *1 (D. Nev. Aug. 30, 2012) (Hoffman, J.); *Parker v. Astrue*, 2012 WL 3135703, *2 (D. Nev. Aug. 1, 2012) (Leen, J.).

It is the fourth element above on which social security plaintiffs most often stumble. "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. A complaint merely stating that the Commissioner's decision was wrong is plainly insufficient to satisfy a plaintiff's pleading requirement. *See, e.g., Cribbet v. Comm'r of Social Security*, 2012 WL 5308044, *3 (E.D. Cal. Oct. 29, 2012) (citing *Brown v. Astrue*, 2011 WL

---

[1] In cases in which the plaintiff is proceeding *pro se*, the Court liberally construes her pleadings. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). Plaintiff is represented by an attorney in this case.

3664429, *2 (D.N.H. Aug. 19, 2011)). Similarly, a social security complaint that merely parrots the standards used in reversing or remanding a case is not sufficient to withstand a screening pursuant to Section 1915(e). *Cf. Ashcroft*, 556 U.S. at 678 (courts may reject allegations that are no "more than labels and conclusions"). Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons *why* the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2 (collecting cases) (emphasis added); *see also Harris v. Colvin*, 2014 WL 1095941, *4 (C.D. Cal. Mar. 17, 2014) (finding complaint failed to state a claim when it did not "specify . . . the respects in which [the plaintiff] contends that the ALJ's findings are not supported by substantial evidence and/or that the proper legal standards were not applied"); *Gutierrez v. Astrue*, 2011 WL 1087261, *2 (E.D. Cal. Mar. 23, 2011) (finding complaint failed to comply with Rule 8's notice requirements when it stated only that benefits were denied, but had not "provided any substantive reasons" for appealing that decision and had not "identified any errors in any decision rendered by the Administrative Law Judge"). The plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security Administration's determination and must make a showing that the plaintiff is entitled to relief. While this showing need not be made in great detail, it must be presented in sufficient detail for the Court to understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to Section 1915(e). *Cf. Hoagland*, 2012 WL 2521753, at *4 (the complaint should avoid the advocacy and argumentation of the opening brief to be submitted later, but must specifically set forth the facts showing an entitlement to relief).

Applying these standards in this case, Plaintiff's complaint is plainly insufficient. Plaintiff alleges that she exhausted her administrative remedies, timely commenced this case, and resides in this judicial district. But Plaintiff fails to state the nature of her disability or when it commenced, alleging only that "[Plaintiff] is, and at all times relevant to this action, disabled as that term is defined in the Social Security Act." *See* Docket No. 1-1 at ¶5. Moreover, Plaintiff alleges merely that the Commissioner's decision to deny her benefits was wrong without any indication as to why it was wrong other than a recitation of the general standards that govern this Court's review of that decision. *See id.* at ¶ 9. As such, Plaintiff's complaint has failed to state a claim for relief.

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pre-pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the Complaint.

4. The Complaint is **DISMISSED**, with leave to amend. Plaintiff will have until **May 26, 2016**, to file an Amended Complaint, if Plaintiff believes she can correct the noted deficiencies.

Dated: April 27, 2016.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE