1
2
3
4
5
6
7
8

9        **UNITED STATES DISTRICT COURT**

10                **DISTRICT OF NEVADA**

11

12    VIKKI L. COLEMAN,                          )
                                                  )
13                    Plaintiff(s),               )        Case No. 2:16-cv-00954-KJD-NJK
                                                  )
14    vs.                                         )        REPORT AND
                                                  )        RECOMMENDATION
15    CAROLYN W. COLVIN, Acting                   )
      Commissioner of Social Security,            )        (Docket Nos. 22, 23)
16                                                )
                      Defendant(s).               )
17    _____)

18        This case involves judicial review of administrative action by the Commissioner of Social

19    Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant

20    to Title II of the Social Security Act, 42 U.S.C. Ch. 7.  Currently pending before the Court is

21    Plaintiff's motion for reversal and/or remand.  Docket No. 22.  The Commissioner filed a response

22    to Plaintiff's motion and a cross-motion to affirm.  Docket Nos. 23, 24.  No reply was filed.  *See*

23    Docket.  This action was referred to the undersigned magistrate judge for a report of findings and

24    recommendation.

25    **I.    STANDARDS**

26          A.    <u>Judicial Standard of Review</u>

27        The Court's review of administrative decisions in social security disability benefits cases is

28    governed by 42 U.S.C. § 405(g).  *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section

405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether substantial evidence supports the Commissioner's findings, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether substantial evidence supports the final decision.

It is incumbent on the Administrative Law Judge ("ALJ") to make specific findings so that the Court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and

1    analytical as feasible and, where appropriate, should include a statement of subordinate factual
2    foundations on which the ultimate factual conclusions are based, so that a reviewing court may know
3    the basis for the decision. *See, e.g.*, *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

4            B.    Disability Evaluation Process

5            The individual seeking disability benefits bears the initial burden of proving disability.
6    *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995).  To meet this burden, the individual must
7    demonstrate the "inability to engage in any substantial gainful activity by reason of any medically
8    determinable physical or mental impairment which can be expected . . . to last for a continuous
9    period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  More specifically, the individual
10   must provide "specific medical evidence" in support of her claim for disability.  *See, e.g.*, 20 C.F.R.
11   § 404.1514.  If the individual establishes an inability to perform her prior work, then the burden
12   shifts to the Commissioner to show that the individual can perform other substantial gainful work
13   that exists in the national economy.  *Reddick*, 157 F.3d at 721.

14           The ALJ follows a five-step sequential evaluation process in determining whether an
15   individual is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. § 404.1520).
16   If at any step the ALJ determines that he can make a finding of disability or nondisability, a
17   determination will be made and no further evaluation is required.  *See Barnhart v. Thomas*, 540 U.S.
18   20, 24 (2003); see also 20 C.F.R. § 404.1520(a)(4).  The first step requires the ALJ to determine
19   whether the individual is currently engaging in substantial gainful activity ("SGA").  20 C.F.R. §
20   404.1520(b).  SGA is defined as work activity that is both substantial and gainful; it involves doing
21   significant physical or mental activities usually for pay or profit.  20 C.F.R. §§ 404.1572(a)-(b).  If
22   the individual is currently engaging in SGA, then a finding of not disabled is made.  If the individual
23   is not engaging in SGA, then the analysis proceeds to the second step.

24           The second step addresses whether the individual has a medically determinable impairment
25   that is severe or a combination of impairments that significantly limits her from performing basic
26   work activities.  20 C.F.R. § 404.1520(c).  An impairment or combination of impairments is not

27

28                                              3

severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 404.1520(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; SSRS 96-4p, 16-3p. An ALJ will consider the claimant's statements regarding the intensity, persistence, and limiting effects of symptoms, and will further evaluate whether the statements are consistent with objective medical evidence and the other

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

4

1  evidence. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the

2  requirements of 20 C.F.R. § 404.1527 and SSRS 96-2p, 96-5p, 96-6p, and 96-3p.

3      The fourth step requires the ALJ to determine whether the individual has the residual

4  functional capacity to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW

5  means work performed either as the individual actually performed it or as it is generally performed

6  in the national economy within the last 15 years or 15 years prior to the date that disability must be

7  established. In addition, the work must have lasted long enough for the individual to learn the job

8  and perform at SGA. 20 C.F.R. § 404.1560(b). If the individual has the residual functional capacity

9  to perform her past work, then a finding of not disabled is made. If the individual is unable to

10  perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

11      The fifth and final step requires the ALJ to determine whether the individual is able to do any

12  other work considering her residual functional capacity, age, education, and work experience. 20

13  C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made.

14  Although the individual generally continues to have the burden of proving disability at this step, a

15  limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for

16  providing evidence that demonstrates that other work exists in significant numbers in the national

17  economy that the individual can do. *Lacewood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071

18  (9th Cir. 2010).

19  **II.    BACKGROUND**

20      A.    Procedural History

21      On November 15, 2012, Plaintiff filed an application for a period of disability and disability

22  insurance benefits, alleging a disability onset date of March 17, 2010. Administrative Record

23  ("A.R.") 142-143. Plaintiff's claims were initially denied on March 21, 2013, and upon

24  reconsideration on May 31, 2013. A.R. 99-103, 91-95. On June 14, 2013, Plaintiff submitted a

25  request for a hearing before an ALJ. A.R. 90. On March 19, 2014, Plaintiff, Plaintiff's attorney, and

26  a vocational expert appeared for a hearing before ALJ Donald R. Colpitts. A.R. 804-820. On July

27

28

8, 2014, the ALJ issued an unfavorable decision finding that Plaintiff was not under a disability, as defined by the Social Security Act, from the alleged onset date through the date of his decision. A.R. 31-39. On September 5, 2014, Plaintiff filed a request for review with the Appeals Council. A.R. 27. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on April 4, 2016. A.R. 10-13. On April 27, 2016, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1-1.

B.    The ALJ's Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a), and issued an unfavorable decision on July 8, 2014. A.R. 31-39. At step one, the ALJ found that Plaintiff had not engaged in SGA since the alleged onset date. A.R. 35. At step two, the ALJ found that Plaintiff had the following severe impairments: seizure disorder, hypertension, right knee osteoarthritis, degenerative disk disease of the cervical spine, diabetes mellitus, gout, and carotid artery stenosis. A.R. 35-36. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 36.

The ALJ found that Plaintiff had the RFC to perform the full range of light work as defined in 20 C.F.R. 404.1567(b) with seizure precautions, including avoiding concentrated exposure to extreme heat, extreme cold, and hazards such as machinery and unprotected heights. A.R. 37-39. At step four, the ALJ found that Plaintiff was capable of performing PRW as a gaming cashier or bank teller. A.R. 39. Based on all of these findings, the ALJ found Plaintiff not disabled and denied her applications for a period of disability and disability insurance benefits and supplemental social security income. A.R. 31-39.

III.    ANALYSIS AND FINDINGS

The two issues on appeal are whether the ALJ's RFC assessment was proper and whether he properly found Plaintiff's subjective testimony not credible. Docket No. 22 at 5-11. The Court addresses each issue in turn.

6

A.    RFC Assessment

Plaintiff submits that the ALJ erred in formulating his RFC assessment by relying on the opinions of state agency physicians who had not reviewed recent medical records that reveal deterioration of her physical condition, and by "playing doctor." *Id.* at 5-7.  The Commissioner responds that the medical opinion evidence of record supports the ALJ's RFC assessment and that no clear evidence of a deteriorating condition exists.  Docket No. 23 at 3-4.  The Commissioner further submits that, in formulating his RFC assessment, the ALJ made an appropriate legal decision and "perform[ed] the very role the regulations set forth for agency adjudicators." *Id.* at 4-5.

"[T]he Commissioner, through the ALJ, must determine the claimant's 'residual functional capacity,' a summary of what the claimant is capable of doing." *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  Where a claimant's condition has steadily deteriorated over time, later medical opinions reflecting that deterioration are generally more probative of a potential disability than earlier opinions. *See Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985) (ALJ erred in evaluating a claimant's residual functional capacity by relying on earlier medical reports where the claimant's condition was "progressively deteriorating").

In formulating his RFC assessment, the ALJ adopted the opinions of state agency physicians Drs. Arnow and Hughes, who did not review medical records submitted after May 2013.  A.R. 38, 42-71.  Plaintiff likens this case to *Stone* and submits that "these stale opinions cannot constitute substantial evidence to support the ALJ's RFC assessment" because, Plaintiff submits, the condition of her spine has deteriorated.  Docket No. 22 at 6.  However, as the Commissioner submits, no clear evidence of steady or significant deterioration exists.  Docket No. 23 at 4-5.  X-rays taken in 2014 show only mild to moderate degenerative changes to Plaintiff's cervical spine.  A.R. 770.  Moreover, treatment notes from two months prior to the 2014 x-rays show normal examinations of Plaintiff's neck and back.  A.R. 772-773.  Similarly, treatment records from the same day the 2014 x-rays were taken show a normal examination of Plaintiff's neck.  A.R. 767.[2]  These findings are consistent with

---

[2] These treatment notes reveal no information about Plaintiff's back. *See* A.R. 768.

7

the normal evaluations of Plaintiff's neck and back throughout the relevant period. *See, e.g.*, A.R. 422-423, 433-434, 614, 616-617, 622-623, 626, 671, 712-713. Therefore, the Court finds Plaintiff's argument regarding the state agency physicians' opinions unpersuasive.

Plaintiff primarily relies on one Ninth Circuit case, *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975), in asserting that the ALJ improperly "played doctor" in formulating his RFC assessment. Docket No. 22 at 6-7. *Weinberger* involved an administrative adjudicator who, in weighing the medical evidence before him, improperly went "outside the record to medical textbooks for the purpose of making his own exploration and assessment as to [the] claimant's physical condition." 522 F.2d at 1156. By contrast, as Plaintiff implicitly admits by disputing the weight that the ALJ afforded certain physicians' opinions, the ALJ here relied upon the opinions of physicians and did not attempt to make his own, independent medical findings. *See, e.g.*, Docket No. 22 at 5-7; A.R. 38. Moreover, an RFC assessment is, as the Commissioner submits, a legal decision that is expressly reserved to the Commissioner through her delegate, the ALJ. *See, e.g.*, Docket No. 23 at 4; 20 C.F.R. § 404.1527(d)(2) (final responsibility for deciding issues including RFC is "reserved to the Commissioner"). Thus, the Court also finds Plaintiff's second argument regarding the ALJ's RFC assessment unpersuasive.

In sum, the Court finds that the ALJ's decision to give great weight to the state agency physicians' opinions was proper. Additionally, the Court finds that the ALJ properly relied on expert medical evidence to reach an appropriate legal determination regarding Plaintiff's RFC.

B.    Plaintiff's Credibility

Next, Plaintiff submits that the ALJ failed to articulate sufficient reasons for not finding her fully credible. Docket No. 22 at 8-11.

The Commissioner responds that the ALJ's adverse credibility finding was proper. Docket No. 23 at 5-8. The ALJ is required to engage in a two-step analysis to evaluate a claimant's credibility: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms

alleged; and (2) if the individual has satisfied the first step of the test with no evidence of malingering, the ALJ may only reject the individual's testimony about the severity of the symptoms by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). To support a finding of less than fully credible, the ALJ is required to point to specific facts in the record that demonstrate that the individual's symptoms are less severe than she claims. *See id.* at 592. "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d at 636 (internal quotation marks and citations omitted).

Here, the ALJ found that Plaintiff's statements concerning the severity of her pain and her ability to work were not credible because, *inter alia*, the objective evidence of record did not support her allegations and some of her testimony contradicted other evidence in the record. A.R. 38. For the reasons discussed below, the Court finds that the ALJ's determination may be upheld based on these two reasons alone and, thus, the ALJ did not err.

Regarding the lack of objective support for Plaintiff's allegations, the objective medical evidence does not substantiate Plaintiff's allegations of constant pain in her neck, shoulder, hips, legs, and hands, and of shooting pains in her back. A.R. 422-423, 433-434, 460, 462, 491, 534, 614, 616-617, 620, 622-623, 626, 629, 668, 671, 712-713, 767, 772-773, 810-812. Further, the case law supports the ALJ's decision to consider this factor. *See, e.g.*, *Burch*, 400 F.3d at 681 (permissible to consider lack of support in objective evidence among other factors).

Regarding Plaintiff's testimony, Plaintiff stated at the hearing that she had seizures three to eight times per month and that she was told not to drive "for a whole year." A.R. 813. However, medical evidence from the relevant period shows only two seizure episodes – one in 2011 and one in 2013 – both of which were attributed to a failure to take medication as prescribed. A.R. 494, 681-682. Additionally, Plaintiff admitted to having a driver's license and the record suggests that

1   Plaintiff was, at most, restricted from driving for about one month in 2008. A.R. 268, 813. Plaintiff

2   also alleged at the hearing that she had stage four renal failure in at least one of her kidneys. A.R.

3   816. The medical record, however, reveals that Plaintiff was diagnosed with stage three kidney

4   disease. A.R. 711.[3] Further, it was proper for the ALJ to consider these inconsistencies. *See, e.g.*,

5   *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (permissible to consider inconsistencies

6   between a Plaintiff's statements and her actions, and between her statements and the medical

7   evidence). Thus, the Court finds that the ALJ provided specific, clear, and convincing reasons,

8   grounded in substantial evidence, to support his adverse credibility determination.

9   **IV.    CONCLUSION**

10       Judicial review of the Commissioner's decision to deny disability benefits is limited to

11   determining whether the decision is free from legal error and supported by substantial evidence. It

12   is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and

13   resolve conflicts in the evidence including differences of opinion. Having reviewed the

14   Administrative Record as a whole and weighed the evidence that supports and detracts from the

15   conclusion, the Court finds that the ALJ's decision is free from legal error and supported by

16   substantial evidence under 42 U.S.C. § 405(g).

17       Based on the foregoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion

18   to Remand (Docket No. 22) be **DENIED** and that the Commissioner's Cross-Motion to Affirm

19

20

21

22       [3] The ALJ incorrectly stated that "the medical evidence of record contains no reference to
kidney disease." A.R. 38. However, the inconsistency between Plaintiff's diagnosis and her

23   testimony still undercuts her credibility. Additionally, other inconsistencies correctly described by

24   the ALJ and discussed above also undermine her credibility and the ALJ's analysis regarding the lack
of objective evidence was proper. Thus, any error on the ALJ's part was harmless. *See Carmickle*

25   *v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("So long as there remains

26   substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate
the validity of the ALJ's ultimate credibility conclusion, such is deemed harmless and does not

27   warrant reversal") (internal alterations, quotations, and citation omitted).

28                             10

(Docket No. 23) be **GRANTED**.

IT IS SO ORDERED.

DATED:    March 29, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).